UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST GRAY,<br><br>        Plaintiff,<br><br>    v.<br><br>CASSIE, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-00099-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING PLAINTIFF'S MOTION FOR COUNSEL<br><br>ECF Nos. 2 & 7<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Forrest Gray is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that prison nurse Daniel Cassie sexually assaulted him during an examination and that sergeant J. Duenas failed to report the assault and to take other appropriate actions. ECF No. 1. His allegations appear to be unexhausted; thus, I recommend dismissing this complaint with leave to amend.

1

I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

Plaintiff has moved for the appointment of counsel. ECF No. 7. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Having considered these factors, the court does find not that there are exceptional circumstances warranting appointment of counsel. Plaintiff's motion is therefore denied.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on June 3, 2019, he had an appointment with registered nurse Cassie for his arthritis. ECF No. 1 at 5. He alleges that during the visit, Cassie forcefully pulled at his waistband, grabbed his penis, and fondled his testicles—which was not done as part of the medical examination. *Id.* at 3-5. Plaintiff claims that the assault has caused him nightmares and emotional and physical distress. *Id.* at 5. Later that day, he informed a correctional custody staff officer of the assault, who in turn relayed the information to segreant J. Duenas. *Id.* at 4. Plaintiff alleges that Duenas did not report the incident or notify the hiring authority, as required by prison regulations and the Prison Rape Elimination Act ("PREA"). *Id.*

While plaintiff has alleged facts sufficient to state a cognizable Eighth Amendment claim against Cassie, *see Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012), it appears that he has not exhausted his administrative remedies. "The Prison Litigation Reform Act of 1995 . . . mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed as of the time when the prisoner filed his action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, *see Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), a court can also dismiss a case at screening "[i]n the rare event that a failure

1  to exhaust is clear on the face of the complaint," *id.* at 1166.  *See also Medina v. Sacramento City*
2  *Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016)
3  ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not
4  exhaust his available administrative remedies before commencing an action, the action may be
5  dismissed on screening.").

6  Plaintiff admits that he has not exhausted his administrative remedies for the claims at
7  issue.  ECF No. 1 at 3-5 (checking the boxes for "No" in response to the questions, "Did you
8  appeal your request for relief on Claim I to the highest level?").  Exhaustion must occur prior to
9  filing suit and a plaintiff cannot exhaust while the suit is pending.  *McKinney v. Carey*, 311 F.3d
10 1198, 1199-1201 (9th Cir. 2002).  His is bare statement that his appeal is "pending" is insufficient
11 to excuse a failure to exhaust.

12 If a court concludes that a prisoner failed to exhaust his available administrative remedies
13 before filing a civil rights action, the proper remedy is dismissal without prejudice.  *See Jones*,
14 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).  Before
15 recommending dismissal, however, I will give plaintiff leave to amend his complaint.  If he files
16 an amended complaint, he should confirm whether he has exhausted his administrative remedies.
17 If he has not, he should allege why, if at all, this action should proceed.

18 Plaintiff similarly appears to have failed to exhaust his claim against Duenas, and as
19 alleged, that claim is not cognizable.  As a threshold matter, plaintiff cannot rely on PREA to
20 maintain a claim because the law does not create a private cause of action.  *Grindling v. Diana*,
21 No. 16-00424 ACK-KJM, 2016 WL 6080825, at *3 (D. Haw. Sept. 12, 2016).  Further, plaintiff
22 has not alleged how Duenas' violated his constitutional rights.  If this claim is to proceed,
23 plaintiff must include allegations sufficient to give Duenas notice of how he or she allegedly
24 violated plaintiff's rights.

25 If plaintiff stands by his complaint, I will recommend that this action be dismissed.  If
26 plaintiff decides to file an amended complaint, the amended complaint will supersede the current
27 complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This
28 means that the amended complaint will need to be complete on its face without reference to the

Case 2:22-cv-00099-JDP   Document 10   Filed 04/26/22   Page 5 of 5

prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint has been filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's motion for appointment of counsel, ECF No. 7, is denied.

3. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

4. Failure to comply with this order may result in the dismissal of this action.

5. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 25, 2022                        _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE

5