UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST GRAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL CASSIE,<br><br>　　　　　Defendant. | Case No. 2:22-cv-00099-JDP (PC)<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR SCREENING<br><br>ECF No. 30<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS SECOND AMENDED COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL;<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 28<br><br>THIRTY-DAY DEADLINE |

On August 3, 2022, I directed service for defendant Cassie based on the allegations in plaintiff's first amended complaint. ECF No. 15. On November 21, 2022, after Cassie had been served, plaintiff motioned for permission to file a second amended complaint, ECF No. 26, which I granted, ECF No. 27. Plaintiff filed his second amended complaint on December 14, 2022, ECF No. 28. I find that the second amended complaint does not state a viable claim against any

1

defendant. I will give plaintiff a final opportunity to amend his complaint before recommending that this action be dismissed.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

It appears that, in filing his second amended complaint, plaintiff overlooked my warning

that the second amended complaint would supersede its predecessor, ECF No. 27 at 1-2. The second amended complaint does add two new defendants but does not include any of plaintiff's original claims against defendant Cassie. It is possible that this was plaintiff's intent, but that seems at odds with his previous filing, which explicitly asked to "add" rather than substitute defendants. *See* ECF No. 26. Moreover, plaintiff's claims against the newly added defendants are vague and conclusory. With respect to Warden Gena Jones, plaintiff alleges only that she failed to include a "measure of security" at the telemedicine appointment where he was allegedly sexually assaulted by Cassie. ECF No. 28 at 1. Plaintiff does not describe what security she failed to provide or what notice, if any, she had of the danger allegedly posed by Cassie. Plaintiff also sues Dr. S.K. Aref, the chief executive officer of the company that employed Cassie. *Id.* at 2. He vaguely alleges that it was this individual's responsibility to ensure that his employees were trained and rule-abiding. *Id.* Again, however, he does not allege what Aref specifically failed to do, what notice, if any, he had about Cassie, or whether Aref had any personal involvement in hiring or training Cassie. There is no *respondeat superior* liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

I will give plaintiff an opportunity to amend. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Defendant's request for screening, ECF No. 30, is GRANTED.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint that contains all of his claims. If he does not, I will recommend that this action be dismissed.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __February 22, 2023__  
                                              JEREMY D. PETERSON  
                                              UNITED STATES MAGISTRATE JUDGE