1 | ROB BONTA, State Bar No. 202668
Attorney General of California
2 | GIAM M. NGUYEN, State Bar No. 229236
Supervising Deputy Attorney General
3 | ALEXANDRIA FAURA, State Bar No. 346563
Deputy Attorney General
4 |   300 South Spring Street, Suite 1702
Los Angeles, CA  90013-1230
5 |   Telephone:  (213) 269-6227
Fax:  (916) 761-3641
6 |   E-mail:  Alexandria.Faura@doj.ca.gov
*Attorneys for Defendant D. Caasi*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **FORREST GRAY,**<br><br>Plaintiff,<br><br>v.<br><br>**CASSIE, et al.,**<br><br>Defendant. | 2:22-cv-00099 JDP (PC)<br><br>**DEFENDANT D. CAASI'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:      The Honorable Jeremy D. Peterson<br>Trial Date:   None Set<br>Action Filed:  January 19, 2022 |

Defendant D. Caasi ("Defendant") answers the First Amended Complaint ("FAC") filed by Plaintiff Forrest Gray ("Plaintiff") on May 13, 2022 (ECF No. 13), as follows.  Unless expressly admitted, Defendant denies all factual allegations in the FAC to which a response is required under Federal Rule of Civil Procedure 8(b)(1)(B); any admission is limited to the exact language of the stated response.[1]

In addition, Defendant Caasi asserts his demand for a jury trial in this action.

///

///

---

[1] All page references refer to the pagination added by the Court's ECF system.

1

1.    Answering section "A. Jurisdiction" on page 1 of the FAC, Defendant denies that Plaintiff's civil rights were violated at California Health Care Facility at Stockton, California ("CHCF").

2.    Answering paragraph 1 under section "B. Defendants" on page 2 of the FAC, Defendant admits that he was working as a registered nurse at CHCF during the relevant time.

3.    Answering paragraph 1 under section "C. Previous Lawsuits" on page 2 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth regarding Plaintiff's prior lawsuits and, on that basis, denies those allegations.

4.    Answering paragraph 1 in subsection "Claim 1" under section "D. Cause of Action" on page 3 of the FAC, Defendant denies Plaintiff's Eighth Amendment rights were violated due to cruel and unusual punishment.

5.    Answering subsection "2. Claim 1" under section "D. Cause of Action" on page 3 of the FAC, Defendant denies that he committed sexual abuse against Plaintiff.

6.    Answering the first unnumbered paragraph under subsection "3. Supporting Facts" under section "D. Cause of Action" on page 3 of the FAC, Defendant admits he saw Plaintiff for a routine medical visit on Thursday, June 3, 2022. However, Defendant denies the medical visits "turned deadly, harmful, troubling, embarrassing and disgraceful."

7.    Answering the second unnumbered paragraph under subsection "Supporting Facts" under section "D. Cause of Action" on page 3 of the FAC, Defendant denies all allegations contained in this paragraph.

8.    Answering the third unnumbered paragraph under subsection "Supporting Facts" under section "D. Cause of Action" on page 3 of the FAC, Defendant lacks sufficient knowledge or information to admit or deny the nature of Willie Lee Brooks' claims, and therefore denies the allegation.

9.    Answering subsection "4. Injury" under section "D. Cause of Action" on page 3 of the FAC, Defendant denies Plaintiff suffered any injury due to Defendant's actions or inactions.

10.    Answering subsection "5. Administrative Remedies under section "D. Cause of Action" on page 3 of the FAC, Defendant lacks sufficient knowledge or information to form a

2

belief as to the truth of the allegations contained in this section and, on that basis denies those allegations.

11.     Answering paragraph 1 in subsection "Claim II" on page 4 of the FAC, Defendant denies Plaintiff's Fourteenth Amendment rights were violated due to deliberate indifference.

12.     Answering subsection "2. Claim II" under section "Claim II" on page 4 of the FAC, Defendant denies he retaliated against Plaintiff.

13.     Answering the first unnumbered paragraph under subsection "3. Supporting Facts" under section "Claim II" on page 4 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth regarding the allegations contained in this paragraph and, on that basis denies those allegations.

14.     Answering subsection "5. Administrative Remedies" under section "Claim II" on page 4 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this section and, on that basis denies those allegations.

15.     Answering paragraph 1 under section "Claim III' on page 5 of the FAC, Defendant denies Plaintiff's Fourth Amendment rights were violated due to an unreasonable search.

16.     Answering subsection "2. Claim III" under section "Claim III" on page 5 of the FAC, Defendant denies Plaintiff's medical care was at issue in claim.

17.     Answering the first unnumbered paragraph in subsection "3. Supporting Facts" under section "Claim III" on page 5 of the FAC, Defendant admits Plaintiff had a scheduled rheumatology appointment on Thursday, June 3, 2021. However, Defendant denies the remaining allegations contained in this paragraph.

18.     Answering the second unnumbered paragraph in subsection "3. Supporting Facts" under section "Claim III" on page 5 of the FAC, Defendant denies all allegations contained in this paragraph.

19.     Answering subsection "5. Administrative Remedies" under section "Claim III" on page 5 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this section and, on that basis denies those allegations.

20.    Answering section "E. Request for Relief" on page 6 of the FAC, Defendant denies that Plaintiff is entitled to any damages, including compensatory, exemplary or punitive damages because of Defendant's actions or omissions. Defendant further denies that Plaintiff is entitled to any other form of relief on his claims.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As separate and affirmative defenses, relying on information and belief, Defendant alleges the following:

### FIRST AFFIRMATIVE DEFENSE

Defendant is entitled to qualified immunity because Defendant did not deprive Plaintiff of a clearly established right, privilege, or immunity guaranteed to him by the Constitution or the laws of the United States. In light of the established law, Defendant reasonably believed that his conduct was lawful. Defendant therefore asserts his qualified immunity from monetary liability in his individual capacity.

### SECOND AFFIRMATIVE DEFENSE

Defendant acted within the scope of his discretion with due care, in good-faith fulfillment of his responsibilities under applicable statutes, rules, regulations and practices, reasonably under all circumstances known to him, and with the good-faith belief that his actions comported with all applicable federal and state laws.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered any injuries or damages, Plaintiff failed to mitigate such injuries or damages, thereby precluding or limiting recovery for such injuries or damages.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not act with the requisite intent to deprive Plaintiff of any right, privilege or immunity guaranteed by the Constitution or laws of the United States. Therefore, Defendant is not liable for any damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the restriction under the Prison Litigation Reform Act, including the requirement to pay filing fees, and the limitation for punitive damages.

4

SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any injuries or damages from the facts alleged in the complaint, such injuries or damages were the result of Plaintiff's own negligent conduct or deliberate actions, and thus Plaintiff is estopped from seeking relief for such injuries or damages.

SEVENTH AFFIRMATIVE DEFENSE

Because the Complaint contains vague and conclusory terms, Defendant cannot fully anticipate all applicable affirmative defenses. Thus, Defendant reserves the right to assert additional defenses if and after Plaintiff's allegations and theories of liability become clear.

EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to exhaust administrative remedies as to Defendant and/or the claims he asserts in this action, Plaintiff's claims are barred by 42 U.S.C. § 1997(e)(a).

**PRAYER FOR RELIEF**

Defendant prays for judgment as follows:

(a)    That Plaintiff take nothing by this action and that judgement be rendered in favor of Defendant;

(b)    That Defendant be awarded costs of suit and attorney's fees; and

(c)    That Defendant be awarded such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action.

///
///
///
///
///
///
///
///

5

Dated:  March 29, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General

ALEXANDRIA FAURA
Deputy Attorney General
*Attorneys for Defendant D. Caasi*

# CERTIFICATE OF SERVICE

Case Name:  **Forrest Gray (P-56116) v.**          No.   **2:22-cv-00099 JDP (PC)**
            **Cassie, et al.**

I hereby certify that on <u>March 29, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT D. CAASI'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>March 29, 2023</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Forrest Gray
CDCR #P-56116
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA  93960-1050
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 29, 2023</u>, at Los Angeles, California.

| J. Murray | /s J. Murray |
|---|---|
| Declarant | Signature |

SA2022303516
65826649.docx