UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST GRAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CASSIE,<br><br>　　　　　Defendant. | Case No. 2:22-cv-00099-JDP (PC)<br><br>ORDER |

    Plaintiff alleges that defendant nurse Cassie sexually assaulted him during a routine medical evaluation. Plaintiff has filed two motions seeking the appointment of counsel and one motion to compel. I will deny plaintiff's motions but will extend discovery deadlines and grant plaintiff additional time to serve his discovery request.

**Motion to Compel**

    Plaintiff seeks to compel defendant to provide responses to twelve requests for production of documents. ECF No. 43. Defendant argues that these requests were not timely served under the requirements set forth in the discovery and scheduling order, plaintiff did not seek leave of court to propound discovery beyond the discovery deadline, and plaintiff failed to comply with the Federal Rules of Civil Procedure by not meeting and conferring regarding these discovery requests. ECF No. 44.

    The May 18, 2023 discovery and scheduling order set out the following deadlines.

1   All requests for discovery were to be served on or before August 4, 2023, and the deadline to
2   complete all discovery, including filing motions to compel, was October 6, 2023.  Any request for
3   an extension of a deadline set forth in the scheduling order was to be filed before the relevant
4   deadline and would be granted only upon a showing of good cause.  The parties were informed
5   that any discovery disputes were to be addressed pursuant to the procedures set forth in the
6   scheduling order and the Federal Rules of Civil Procedure, including the requirement that the
7   parties meet and confer prior to the filing of any motion to compel.
8   　　Plaintiff filed this motion to compel on August 14, 2023, and signed it August 9, 2023.
9   ECF No. 43.  While the pleading is styled as a motion to compel, it appears to be a request for
10  discovery.  Indeed, defendant notes that he did not receive this discovery request from plaintiff
11  until he received this motion.  ECF No. 44 at 2.
12  　　Plaintiff's motion is timely, having been filed before the October 6, 2023 deadline for
13  discovery completion, but plaintiff did not serve his discovery requests on defendant before the
14  August 4, 2023 deadline.  In light of plaintiff's pro se status and the timing of his filing, I will
15  allow plaintiff additional time to serve discovery on defendant.  Plaintiff is warned that filing
16  discovery requests with the court is improper; he must serve discovery requests on defendant.  I
17  will also sua sponte extend the discovery deadlines.

18                              **Motion for the Appointment of Counsel**

19  　　Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*
20  *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an
21  attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296,
22  298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C.
23  § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford
24  counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will
25  seek volunteer counsel only in exceptional circumstances.  In determining whether such
26  circumstances exist, "the district court must evaluate both the likelihood of success on the merits
27  [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
28  legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff moves for the appointment of counsel because he argues that the issues in this case are complex and being incarcerated will limit his ability to effectively litigate this case. ECF Nos. 41 & 42. The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. Indeed, the challenges plaintiff identified are unfortunately common to many prisoners. Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel, ECF No. 43, is denied without prejudice.

2. Plaintiff's motions for the appointment of counsel, ECF Nos. 41 & 42, are denied.

3. The deadline for the completion of all discovery, including filing all motions to compel discovery, is December 15, 2023.

4. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served no later than November 10, 2023.

5. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no later than December 15, 2023, 2023.

6. Dispositive motions shall be filed on or before March 8, 2024.

IT IS SO ORDERED.

Dated:   October 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE